## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 16-21390-GLT |
| | : | |
| Bernard J. Wetzel and Cheryl A. Wetzel, | : | Chapter 13 |
| | : | |
| Debtors/Movants | : | |
| --------------------------------- | : | Related to Doc. : 104, 109 |
| Brzustowicz & Marotta, P.C., | : | |
| | : | |
| Movants, | : | |
| | : | |
| vs. | : | |
| | : | |
| No Respondent. | | |

### BRZUSTOWICZ AND MAROTTA'S MEMORANDUM OF LAW IN SUPPORT OF THE LAW FIRM BEING PAID FROM THE SUMS HELD BY THE CHAPTER 13 TRUSTEE

*In its majestic equality, the law forbids rich and poor alike
to sleep under bridges…*[1]

The Supreme Court's holding in **Harris v. Viegelahn**, 575 U.S. ___, 135 S.Ct. 1829, 191 L.Ed.2d 783 (2015), with respect to nonpayment of earned attorneys' fees and costs, violates numerous Amendments to the United States Constitution and existing federal law. The Court held an attorney may not be compensated in a Confirmed Chapter 13 Plan for work and expenses that the attorney has, in good faith, performed and advanced if the case is converted to a Chapter 7 proceeding. The Court's decision is intrinsically flawed as it places the attorney for the Debtor

---

[1] France, Anatole, *The Red Lily*, Book I, Ch. 7, The Book League of America, Inc. (1937).

and the Chapter 13 Trustee in the role of indentured servants, violates the Fifth Amendment by taking property, the fees the attorney is entitled to, without Due Process of law and violates the Equal Protection Clause of the Fourteenth and Fifth Amendment.[2]

The Chapter 13 Debtor whose case is converted to a Chapter 7 receives all the money that the Chapter 13 Trustee holds. This Debtor receives free legal services through the hard work and out-of-pocket expenditures of his/her Chapter 13 attorney and the Chapter 13 Trustee. Grave financial harm and violation of Constitutional law is done to the private attorney, as well as the Chapter 13 Trustee, who have performed work on behalf of the Chapter 13 Debtor, whose case is converted to a Chapter 7 case, and payments for fees earned during the Chapter 13 are denied by the Court.

The interpretation of the legislative intent that the Court gives in its holding violates a basic tenant of statutory construction – it arrives at an absurd result. In **Public Citizen v. U.S. Department of Justice**, 491 U.S. 440, 470 (1989), the Court held: "When used in a proper manner, this narrow exception to our normal rule of statutory construction does not intrude upon the lawmaking powers of Congress, but rather demonstrates a respect for the coequal Legislative Branch, which we assume would not act in an absurd way." The Court in **Harris** arrives at an absurd result that violates well-settled constitutional law.

*Harris v. Viegelahn*, 575 U.S. ___, 135 S.Ct. 1829, 191 L.Ed.2d 783 (2015) concerns the Chapter 13 Trustee, Viegelahn, making an administrative payment of $1,200.00 to Harris's counsel, paid herself a $267.79 administrative fee, a secured payment to a consumer-electronics

---

[2] *See*, **Bolling v. Sharpe**, 347 U.S. 497 (1954)(The Court observed that the Fifth Amendment to the United States Constitution lacked an Equal Protection Clause, as in the Fourteenth Amendment to the United States Constitution. The Court held, however, that the concepts of Equal Protection and Due Process are not mutually exclusive.

store, and paid six of Harris's unsecured creditors.[3] The Court held the Chapter 13 Trustee's actions violated Section 348(f) of the Bankruptcy Code as "…in a case converted from Chapter 13, a debtor's postpetition earnings and acquisitions do not become part of the new Chapter 7 estate." "Section 348(f)… makes one thing clear: A debtor's postpetition wages, including undisbursed funds in the hands of a trustee, *ordinarily* do not become part of the Chapter 7 estate created by conversion." "What happens to postpetition wages held by a Chapter 13 trustee at the time the case is converted to Chapter 7? Does the Code require return of the funds to the debtor, or does it require their distribution to creditors? ***We conclude that postpetition wages must be returned to the debtor….*** Conversely, when the conversion to Chapter 7 is made in *good* faith, no penalty is exacted.[4] Shielding a Chapter 7 debtor's postpetition earnings from creditors enables the "honest but unfortunate debtor" to make the "fresh start" the Bankruptcy Code aims to facilitate. *Marrama,* 549 U.S., at 367, 127 S.Ct. 1105(internal quotation marks omitted)…..{W}e find nothing in the Code denying debtors funds that would have been theirs had the case proceeded under Chapter 7 from the start. In sum, § 348(f) does not say, expressly: On conversion, accumulated wages go to the debtor. But that is the most sensible reading of what Congress did provide." [5]

      Infallibility is not a power conferred on the United States Supreme Court. The Supreme Court has erred and lower courts have corrected the Court's error. The District Court overruled the Supreme Court in ***Korematsu v. U.S., 584 F. Supp. 1406 (N.D. CAL. 1984). The District Court*** held the Supreme Court had improperly ruled in ***Korematsu v.***

---

[3] The Court ignores the classes established by the Bankruptcy Code establishing priority of payment. 11 U.S.C. § 507.

[4] *The Court ignores that a penalty is exacted on the Debtor's counsel who will not be paid what the Debtor owes their attorney. Thus, the Court penalizes the innocent attorney by depriving legal counsel fees and costs that have been earned.*

[5] In so ruling, the Court decimates the priority provisions of classes in bankruptcy enacted by Congress. 11 U.S.C. § 507.

3

*U.S., 323 U.S. 214 (1944)*, where the Supreme Court upheld Executive Order 9066 ordering American citizens of Japanese descent to be placed in internment camps. 40 years after the United States Supreme Court ordered Korematsu's internment, the District Court granted the Writ of *Coram Nobis,* and reversed the United States Supreme 1944 decision due to the facts that established the existence of documents concealed by the government and not available at the time of trial. The **Korematsu** case is analogous to the case before this Honorable Court - The Supreme Court erred in **Harris** and this Honorable Court has a duty to examine the holding of **Harris** and ascertain if it conforms to basic Constitutional safeguards.

Brzustowicz & Marotta, P.C., a small law firm agreed to represent the Wetzels, the Debtors, in a bankruptcy action to protect their home from imminent foreclosure and to reorganize their debts. The Wetzels, as is not unusual in emergency situations, did not have sufficient funds to pay Brzustowicz & Marotta their retainer of $4,000.00. The Wetzels paid the sum of $1,224.00 as a retainer and the Chapter 13 filing fee of $310.00 to Brzustowicz & Marotta to represent them. The Chapter 13 Trustee dispersed an additional $500.00 in attorneys' fees and costs during the pendency of the Chapter 13 proceeding. Brzustowicz & Marotta were then owed, under the No- Look Rule, the sum of $2,074.03 pursuant to **W.PA.LBR 2016-1(1)**. During the case, Brzustowicz & Marotta incurred an additional amount in excess of $5,000.00 in attorneys' fees and costs representing the Wetzels in their Chapter 13 case.[6] The case was then converted to a Chapter 7 proceeding on June 16, 2017. Brzustowicz & Marotta were not paid the No-Look sum, the amount that is normally the up-front retainer, and remain owed $2,074.03 under the Court approved Plan for the administrative class fees to be paid to Brzustowicz &

---

[6] Brzustowicz & Marotta unknowingly advanced money to the Debtors in possible violation of Pennsylvania's Rule of Professional Conduct 1.8.

Marotta. That sum does not take into account the extra attorneys' fees and costs associated with the case.

The Thirteenth Amendment to the United States Constitution provides, *inter alia*, ***"Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."*** In ***Bailey v. Alabama,*** 219 U.S. 219 (1911), Justice Hughes analyzed the meaning of the Thirteenth Amendment and the broad reading of involuntary servitude, that includes peonage. "The essence of the thing is compulsory service in payment of a debt. A peon is one who is compelled to work for his creditor until his debt is paid." *Id*. 243 . The Court discussed the broad interpretation of the Thirteenth Amendment, "…in this explicit and comprehensive enactment, Congress was not concerned with mere names or manner of description.... It was concerned with a fact, wherever it might exist; with a condition, however named and wherever it might be established, maintained, or enforced." *Id.*

Brzustowicz & Marotta were compelled to work to obtain what was owed them by the Wetzels in the form of the retainer for basic work performed on their bankruptcy case. Brzustowicz & Marotta are in a quandary. They cannot sue their client for payment because of the bankruptcy. Their fees must be approved by this Court, and their No-Look fees were approved under the Confirmed Plan by this Court on December 16, 2016. They cannot write the debt off the law Firm's taxes. They cannot regain the time and expenses that they have advanced. The client has been enriched by Brzustowicz & Marotta, and the Court has condoned the taking in ***Harris***.

Brzustowicz & Marotta's payments under the No-Look provision were controlled by the Chapter 13 Trustee's disbursement system. The law Firm was in effect a peon, performing

service to receive the base payment they were owed. The payment was agreed by the Debtors' in their signed fee agreement, the bankruptcy fee petition, and confirmed by this Honorable Court when the Plan was confirmed on December 16, 2016, and their bill is an Administrative claim. *11 U.S.C. § 503*. Brzustowicz & Marotta became victims of peonage and involuntary servitude due to the method of payment of their basic retainer of which $2,074.03 remains to be paid to the Firm. The other work, performed by Court Order exceeds the sum of $5,000.00 with costs. Brzustowicz & Marotta were compelled to work for the No-Look payment and their payment was of such nature to make it intrinsically involuntary in nature. The holding in *Harris* makes Brzustowicz & Marotta indentured servants and peons to the Wetzels because of their compulsory service to the Wetzels for the compensation they were owed. *Harris* then violates the Thirteenth Amendment and cannot be followed by this Honorable Court.

The Court's holding in *Harris, supra*, violates the Fifth Amendment to the United States Constitution provide that: ***"No person shall be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."*** Brzustowicz & Marotta are deprived of property, *i.e.*, the No-Look payment, without due process of law and unlawful government taking. Brzustowicz & Marotta earned the No-Look payment of $2,074.03. The Court in *Harris*, *supra*, states that "On conversion, accumulated wages go to the debtor." *Id.* 1338. What is forgotten by the Court is that the attorney who has worked hard, accumulated expenses, and is owed money for providing legal assistance to the Debtor is not paid for their work. Thus, it has been the attorney, and in many cases, the Chapter 13 Trustee, who are denied property by fiat that flies in the face of the Fifth Amendment. *See,* ***Dolan v. City of Tigard***, 512 U.S. 383, (1994).

"A taking can occur simply when the Government by its action deprives the owner of all or most of his interest in his property. … [I]t is the loss to the owner of the property and not the accretion to the Government which is controlling in Fifth Amendment cases." ***Aris Gloves, Inc. v. United States***, 420 F.2d 1386, 1391 (1970). The Court's decision in ***Harris***, *supra*, allows an unlawful taking from Brzustowicz & Marotta and the Chapter 13 Trustee. Whereas, the Debtor benefits from the unlawful taking as the Debtor is awarded all sums held by the Chapter 13 Trustee at the time of conversion to a Chapter 7 because such funds were paid by post-filing income while the Debtors were under the protection of the Chapter 13.[7] The Court errs in failing to follow basic Constitutional law by depriving Debtors' counsel and the Chapter 13 Trustee of property, the fees that they have earned and the costs they have paid out of pocket, for the benefit of the Debtors to the detriment of their attorney and the Chapter 13 Trustee.

In the case *sub judice*, Brzustowicz & Marotta, P.C., entered into a written fee agreement with the Wetzels prior to taking their case.[8] The law Firm met with the Wetzels numerous times, went through voluminous documents, and then filed a Chapter 13 bankruptcy petition. The Firm received only $1,224.00 from the Debtors. The Firm continued to perform extensive work for the Wetzels in their Chapter 13 case. The Chapter 13 made a $500.00 payment to the Firm under the No-Look Rule, and a balance of $2,074.03 under the initial agreed retainer, that was approved by the Court in the Confirmed Plan of December 16, 2016, is due and owing the Firm. The Firm points out that it performed additional work and incurred other expenses that exceed the sum of $5,000.00. The Court's holding in ***Harris***, *supra*, deprived Brzustowicz & Marotta of its interest in its property, its legal fees and expenses. Thus, under the holding of ***Dolan***, *supra*,

---

[7] But for the work of the private attorney who represents the debtor, and the Chapter 13 Trustee's work, there would be no funds to distribute. The logic espoused in ***Harris*** is the logic of Karl Marx and not of Adam Smith.

[8] A written fee agreement is required in Pennsylvania pursuant to Pennsylvania's Rules of Professional Conduct, ***Rules 1.2 and 1.5***.

governmental action deprived the Firm of its legitimate interest in the Firm's property: its attorneys' fees and costs.

The Court in *Harris*, *supra*, attempts to mitigate the loss of attorneys' fees and costs by explaining:

> *We acknowledge the "fortuit[y]," as the Fifth Circuit called it, that a "debtor's chance of having funds returned" is "dependent on the trustee's speed in distributing the payments" to creditors. 757 F.3d, at 479, and n. 10. A trustee who distributes payments regularly may have little or no accumulated wages to return. When a trustee distributes payments infrequently, on the other hand, a debtor who converts to Chapter 7 may be entitled to a sizable refund. These outcomes, however, follow directly from Congress' decisions to shield postpetition wages from creditors in a converted Chapter 7 case, § 348(f)(1)(A), and to give Chapter 13 debtors a right to convert to Chapter 7 "at any time," § 1307(a).* **Harris,** *p. 1840. (Emphasis added).*[9]

The Fifth and Fourteenth Amendments to the United States Constitution guarantee equal protection under the law. Article 1§ 1 of the Constitution of the Commonwealth of Pennsylvania provides that**: "*All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protection of property, and of pursuing their own happiness."* {Emphasis added}.**

The holding in *Harris, supra*, concerning Chapter 13 Trustees who pay quickly and those who do not make payments as promptly, provides for the unequal and arbitrary of treatment of the citizens, they are the attorneys who represent Chapter 13 debtors whose cases are converted to Chapter 7 cases as well as Chapter 13 Trustees. "Equality of treatment and the due process right to demand respect for conduct protected by the substantive guarantee of liberty are linked

---

[9] The Court potentially could expose the Chapter 13 Trustee who does not distribute promptly to a 1983 civil rights action if the private attorney is not paid based on the Trustee having violated the private attorney's civil rights.

8

in important respects, and a decision on the latter point advances both interests." *Lawrence v. Texas*, 539 U.S. 558 (2003). ***"The Constitution created a government dedicated to equal justice under law." Cooper v. Aaron***, 358 U.S. 1 (1958) (*Emphasis added*). Clearly, the Court in *Harris*, *supra*, does not apply the law equally as it allows payments in some Districts but not other Districts. Busy Chapter 13 Trustee Offices cannot make payments as frequently as one's that have lighter workloads. However, the Court approves payments made to attorneys for Chapter 13 debtors in cases who are converted in districts where there are fewer Chapter 13 cases. Fortuity does not provide for equal treatment under the law.[10] Instead, it leads to disparate treatment for private counsel in Chapter 13 cases that have been converted to Chapter 7 cases by allowing payments in Districts that have light workloads versus disallowing payments to private counsel in Districts that have heavy Chapter 13 caseloads.

If one accept the holding in *Cooper*, *supra*, that "The Constitution created a government dedicated to equal justice under law…." then one cannot accept the holding in *Harris, supra*. Fortuity, in holding disparate treatment under the law with respect to attorneys being paid for their work, cannot be the law of the land. If one accepts the logic espoused in *Harris*, then segregation in schools and disparate treatment of people of different racial and gender groups should be allowed based on the fortuity of being one race or gender over another.

Brzustowicz & Marotta are denied property, forced to work as an indentured servant or peon, and deprived of equal rights under the law by the non-payment of legal fees that it earned and reasonably expected would be paid as the Plan was confirmed. The delay in payment was not the fault of Brzustowicz & Marotta, it was due to an overburdened Chapter 13 Trustee's

---

[10] The Court in *Harris* follows the logic in *Alice's Adventure's In Wonderland*; Alice is put on trial and it is explained to her "Sentence first - verdict afterwards." Counsel would add to Lewis Carroll that a trial is unnecessary with such logic.

9

Office. Thus, *Harris* is an interesting decision, as adherence to it would cause this Court to violate basic and accepted standards of constitutional law as set forth herein.[11]

The Court in *Harris*, in interpreting Congress's intentions regarding the Bankruptcy Code, has eviscerated classes in Chapter 13 cases that are converted to Chapter 7 cases. When a Debtor makes a payment to the Chapter 13 Trustee for their Plan, they are, by definition, using post-petition wages. Applying the *Harris* Court's logic, when a case is dismissed or converted to a Chapter 7 case, the Debtor is entitled to a refund of the funds paid into the Plan as they are post-petition wages; this application suggests that any Court filing fees that remain due and owing could remain unpaid. *Harris*, is an intrinsically flawed holding based on its violation of Constitutional protections and the *dicta* propounded in the case.

The *Harris* Court, in interpreting Congress' intentions regarding the Bankruptcy law, successfully eliminated the classes in Chapter 13 cases that are converted to Chapter 7 cases. All wages in a Chapter 13 case immediately become post-petition wages upon the filing date of the bankruptcy petition by the Debtor. Therefore, when a Debtor makes a payment to the Chapter 13 Trustee for their Plan, they are, by definition, using post-petition wages. In cases where the Debtors do not make full, regular, partial or even any Plan payment at all, the Chapter 13 Trustee cannot make distributions. Additionally, some Districts do not have a Chapter 13 Trustee's office that makes frequent distributions to the Parties under the terms of a Confirmed Chapter 13 Plan. Applying the *Harris* Court's logic, when a case is dismissed or converted to a Chapter 7 case, the Debtor is entitled to a refund of the funds paid into the Plan as they are post-petition wages. This application means that any Court filing fees that remain due and owing could remain unpaid. Further, a slippery slope could develop and there would be no reason to have classes in

---

[11] The Court in *Harris* turns accepted American legal principles on their head by application of Marxist-Stalinist principles.

bankruptcy as all creditors will be treated equally under the application of *Harris* reasoning – if a creditor is an administrative creditor, they have no greater standing than the lowest unsecured creditor in the bankruptcy petition. Therefore, the secured and priority creditors would also be treated the same as the unsecured creditor. Surely, that is not what Congress had in mind when it enacted the Bankruptcy Code. Congress was very deliberate in setting forth classes in Bankruptcy and providing detailed descriptions as to what creditors fit into which class. The *Harris* Court does away with these classifications when a case is either converted, dismissed or a Chapter 13 Trustee does not happen to distribute fast enough to prevent funds from returning to the Debtor.

The Court is "punishing" all creditors for the behavior of the Chapter 13 Trustees for failing to distribute, and creditors for now not falling into the categories set forth by Congress. Finally, application of this logic would lead to "chilling" attorneys from representing Debtors in a Chapter 13 case as they would not be paid as an Administrative claim and would instead be considered no different than an unsecured creditor.

Thus, an unscrupulous attorney could counsel a client with too many assets and income to qualify as a Chapter 7 to utilize a Chapter 13. The Debtor would gain the protection of the Bankruptcy Code. But the Debtor would not follow through the process knowing that all funds paid into the Chapter 13 Plan are post-petition wages; therefore, the money will be refunded to the Debtor and the Debtor may then be able to utilize the Chapter 7 or be free to file another Chapter 13 petition at a later date.

## CONCLUSION

If this Court denies earned attorneys' fees and costs to Brzustowicz & Marotta, then it shall violate the Taking Clause, equal protection under the law, and will recognize that the

Thirteenth Amendment does not apply to attorneys in Chapter 13 cases that are converted to Chapter 7 cases. Brzustowicz & Marotta, and countless unless attorneys and law firms, will be indentured servants and peons as that has been defined by the Court in *Bailey v. Alabama, supra,* if the Court rules against Brzustowicz & Marotta.

The Wetzels have lived in their home for over a year at no cost to them. The Wetzels have not paid *in rem* taxes on their residence. Their lifestyle has continued undisturbed throughout the Chapter 13 case because of the work of Brzustowicz & Marotta and the Chapter 13 Trustee. Under *Harris*, they do not have to complete payments to their legal counsel as set forth in the Confirmed Plan dated December 16, 2016 or the Chapter 13 Trustee as the Wetzels deserve all of the money back that the Chapter 13 Trustee did not timely distribute. If Brzustowicz & Marotta were located in a District where the Chapter 13 Trustee paid fees more expeditiously, Brzustowicz & Marotta would have been paid; this establishes that Brzustowicz & Marotta have been denied equal treatment under the law because of the District they practice in. Brzustowicz & Marotta have had property taken from them by action of the government in violation of the Fifth Amendment.

The grocery store, credit card company, phone company and other entities demand and get payment for the goods and services they sell under the law in this country. The Court in *Harris* makes an exception to attorneys and Chapter 13 Trustees getting paid for their services and expenses. Would this Court agree that it should have a *pro rata* deduction in pay for cases that are converted from Chapter 13 to a Chapter 7?

Chief Justice Oliver Wendell Holmes wrote: "{Hard} Bad cases make bad law." *Northern Securities Co. v. United States*, 193 U.S. 197, 401 (1904). *Harris* appears to be one of

those cases that Justice Holmes's caveat refers to because of the constitutional problems it creates. It cannot be good law because adherence to it violates basic Constitutional law.

Date: July 13, 2017

**Respectfully submitted,**

BRZUSTOWICZ & MAROTTA, P.C.

By: /s/ John C. Brzustowicz\_\_\_\_\_
John C. Brzustowicz, Esq.,
Counsel for Brzustowicz & Marotta, PC
 PA ID: 44628

By: /s/ Marjorie A. Marotta
Marjorie A. Marotta, Esq.
 Counsel for Brzustowicz & Marotta, P.C.
PA ID: 88308

4160 Washington Road, Suite 208
McMurray, PA 15317
724-942-3789- Voice
bmmlaw@brzmar.com - E-Mail

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 16-21390-GLT |
| | : | |
| Bernard J. Wetzel and Cheryl A. Wetzel, | : | Chapter 13 |
| | : | |
| Debtors/Movants | : | |
| ---------------------------------- | : | Related to Doc. : 104, 109 |
| Brzustowicz & Marotta, P.C., | : | |
| | : | |
| Movants, | : | |
| | : | |
| vs. | : | |
| | : | |
| No Respondent. | | |

**CERTIFICATE OF SERVICE**

I, JOHN C. BRZUSTOWICZ, Counsel for Debtors, certify under penalty of perjury that I served the BRZUSTOWICZ AND MAROTTA'S MEMORANDUM OF LAW IN SUPPORT OF THE LAW FIRM BEING PAID FROM THE SUMS HELD BY THE CHAPTER 13 TRUSTEE on the parties at the addresses specified below on July 13, 2017.

    The type(s) of service made on the parties (first-class mail, electronic notification, hand delivery, or another type of service) was by electronic mail where designated and by United States First Class Mail where so designated on the Service List. If more than one method of service was employed, this certificate of service groups the parties by the type of service. For example, the names and addresses of parties served by electronic notice will be listed under the heading "Service by Electronic Notification," and those served by mail will be listed under the heading "Service by First-Class Mail."

**Office of the United States Trustee**
Liberty Center.
1001 Liberty Avenue, Suite 970
Pittsburgh, PA 15222
**E-MAIL**

Office of the Chapter 13 Trustee
Suite 3250, USX Tower
600 Grant Street
Pittsburgh, PA  15219
**E-MAIL**

Bernard J. and Cheryl A. Wetzel
1750 Sillview Drive
Pittsburgh, PA  15243
**E-MAIL**

EXECUTED ON: July 13, 2017          BY:/s/John C. Brzustowicz
                                    Counsel for Debtors
                                    John C. Brzustowicz, Esq.
                                    PA ID. NO.:44628

                                    Brzustowicz and Marotta, P.C.
                                    4160 Washington Road, Suite 208
                                    McMurray, PA  15317
                                    724.942.3789 (Voice)
                                    724.942.3791 (Telefax)
                                    bmmlaw@brzmar.com – E-Mail